NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL PIANFETTI, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 07-cv-763 (DMC) |
| THE BERKLEY GROUP, INC., | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant The Berkley Group, Inc. ("Berkley") to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  No oral argument was heard pursuant to Rule 78.  For the reasons set forth below, Defendant's motion to dismiss is **denied** and the motion to transfer is **granted**.

## I.   BACKGROUND

Berkley employed Plaintiff Matthew Pianfetti ("Plaintiff") from May 8, 1995, until April 18, 2006, during which Plaintiff held various positions. (Foster Cert. ¶ 8, Compl.¶ 2.) Plaintiff contends that Berkley through its agent, servant, and employees, Becky Foster and Vice President Vicky Dockery, gave Plaintiff specific assignments, including the submission of personal and private information concerning the operation of the office. (Compl. ¶ 4.) Plaintiff alleges that in accordance with these duties, he discovered that Melissa Paris ("Paris") had falsified her sign-in sheet and

subsequently notified Vicky Foster, Becky Dockery, and William Raur.  (Compl. ¶¶ 7,8.)  Plaintiff

supplied this information with the understanding that his identity would not be disclosed.  (Compl.

¶ 8.)  On this same day, Paris was informed of Plaintiff's actions and she allegedly grabbed

Plaintiff's shirt, shook Plaintiff, cursed at Plaintiff, and made various threats  (Compl. ¶ 9.)  Plaintiff

further alleges that Marlene Paris, Paris's mother and an officer at Berkley, knew about the falsified

sign-in sheet, but failed to report it.  (Compl. ¶ 10.)  After the incident, Plaintiff was informed that

he had failed to complete his assigned tasks and that his position with the company was terminated.

(Compl. ¶ 11.)  Plaintiff alleges that Berkley wrongfully terminated his employment because he

reported Paris's wrongdoing.  (Compl. ¶ 20.)

Berkley is a Florida corporation with a principal place of business in Fort Lauderdale,

Florida.  (Foster Cert. ¶ 5.)  Berkley is involved in the sales and marketing of time share

communities located in Florida, California, Massachusetts, Nevada, Virginia, and Tennessee.

(Foster Cert. ¶ 5.)  Berkley does not own any property in New Jersey, have any offices in New

Jersey, have any employees in New Jersey, or advertise in any New Jersey publications.  (Foster

Cert. ¶¶ 6,7.) The hiring, employment, and termination of Plaintiff occurred in Florida.  (Foster Cert.

¶ 11.)  Plaintiff moved from Florida and relocated to New Jersey on June 10, 2006.  (Compl. ¶ 5.)

Plaintiff brought suit against Berkley alleging claims for *inter alia,* breach of contract and

wrongful termination.  Berkley has filed this motion to dismiss pursuant to Rule 12(b)(2), or, in the

alternative, to transfer venue to the United States District Court for the Southern District of Florida

pursuant to 28 U.S.C. Section 1404(a).

II.     TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Berkley argues that the Court should dismiss Plaintiff's claim for lack of personal

-2-

jurisdiction.  (Pl. Br. at 1.)  In the alternative, Berkley moves to transfer this action to the Southern

District of Florida.  (Pl. Br. at 1.)  "Where a defendant has challenged a court's power over his

person and, at the same time, has moved alternatively for transfer, the interests of judicial economy

are best served by initial address of the transfer issue."  Dworin v. Deutsch, No. 06-1571, 2006 U.S.

Dist. LEXIS 78837, *5-6 (D.N.J. Oct. 30, 2006) (quoting Berk v. Shellan, No. 06-0005, 2006 U.S.

Dist. LEXIS 25862, *2 (E.D. Pa. Apr. 2, 2006)).  A district court may transfer a case pursuant to §

1404(a) with or without personal jurisdiction over the defendant.  U.S. v Berkowitz, 328 F.2d 358,

361 (3d Cir. 1964).  In the interest of expediency, this Court will decide the personal jurisdiction

question only if transfer is inappropriate.

A court may transfer an action for the convenience of the parties and witnesses and in the

interests of justice to any district where the action might have been brought initially.  28 U.S.C. §

1404(a).  The function of Section 1404(a) is "to prevent the waste of 'time, energy, and money' and

to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Van

Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S.

19, 26-27 (1960)).  The moving party bears the burden of establishing that transfer is appropriate.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248 (1981).  Analysis of whether transfer is warranted

does not necessarily require an extensive investigation, but the moving party must demonstrate that

the proposed alternative forum is more convenient than the present forum.  Van Cauwenberghe v.

Biard, 486 U.S. 517, 529 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The analysis of whether transfer is warranted is not governed by a single rigid rule.  Stewart

Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).  Rather, the Section 1404(a) analysis is flexible

and turns on the specific facts of each case.  Id.  In this regard, the Court examines the private

interests of the litigants as well as the public interests involved in the fair and efficient administration of justice. Jumara, 55 F.3d at 879. The private interests to be considered include: (1) plaintiff's forum choice; (2) defendant's forum preference; (3) whether the claim arose in another forum; (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of witnesses– but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) the location of any books or records similarly limited to the extent they may be unavailable in the alternative forum. Id. The public interests to be considered include: (1) judgment enforceability; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) court congestion in each district; (4) the local interest in deciding local controversies at home; (5) the relevant public policies of each forum; and (6) in diversity cases, the district judge's familiarity with the applicable state law. Id. at 879-80.

## III.  ANALYSIS

As a threshold matter, Plaintiff's action could have been brought in the Southern District of Florida. The amount in controversy exceeds the $75,000 requirement for diversity jurisdiction. (Compl. ¶ 1.) Berkley is a Florida corporation with its principal place of business in Florida. (Foster Cert. ¶ 5.) Since Plaintiff is a resident of New Jersey, diversity jurisdiction exists in the Southern District of Florida pursuant to 28 U.S.C. § 1332. (Compl. ¶ 5.) Accordingly, this action could have been brought in the Southern District of Florida.

### A.  Private Interest Factors

Ordinarily, the plaintiff's choice of forum is afforded great weight in determining whether transfer is appropriate pursuant to Section 1404(a). See Lony v. E.I. Du Pont de Nemours & Co.,

886 F.2d 628, 633 (3d Cir. 1989); Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988).

However, the plaintiff's choice of forum is accorded less weight when the central facts of a lawsuit

occur elsewhere.  LG Elecs. Inc. v. First Int'l Computer, 138 F. Supp. 2d 574, 590 (D.N.J. 2001).

"As a general rule, the preferred forum is that which is the center of gravity of the accused activity."

NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 321 (D.N.J. 1998).  In the

present case, all of the operative events giving rise to Plaintiff's claims occurred in Florida.

Plaintiff's hiring, employment, and termination occurred in Florida.  (Foster Cert. ¶ 10.)  Berkley is

a Florida corporation with a principal place of business in Fort Lauderdale, Florida.  (Foster Cert.

¶ 5.)  Berkley does not own any properties in New Jersey, have any offices in New Jersey, have any

employees in New Jersey, or advertise in any New Jersey publications. (Foster Cert. ¶¶ 6,7.)  None

of the facts that gave rise to this litigation occurred in New Jersey; thus, this Court must give limited

deference to Plaintiff's choice of forum.

Convenience considerations decidedly favor transfer as well.  Apparently, the only witness

located in New Jersey is Plaintiff himself.  (Foster Cert. ¶ 13.)  The numerous Berkley employees

that will likely be called to testify are in Florida.  (Foster Cert. ¶ 11.)  These potential witnesses are

Florida residents subject to compulsory process in the Southern District of Florida, but most likely

are not subject to compulsory process in the District of New Jersey.  See Fed. R. Civ. P. 45(c).  As

such, private interest factors dictate that the ultimate resolution of this case will be best effectuated

by a transfer to the Southern District of Florida.

**B.     Public Interest Factors**

Public interest factors favor transfer as well. There exists a local interest in having local

controversies decided at home.  Lomanno v. Black, 285 F. Supp. 2d 637, 648 (E.D. Pa. 2003). The

Southern District of Florida has a strong interest in analyzing the employment practices of businesses

within its borders.  Additionally, the Supreme Court has recognized the "appropriateness . . . in

having the trial of a diversity case in a forum that is at home with the state law that must govern the

case, rather than having a court in some other forum untangle problems in conflict of laws, and in

law foreign to itself."  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947).  Additionally, Florida

law should apply to this litigation, and Florida judges are more familiar in the application of their

state's law.  See Gantes v. Kason Corp., 679 A.2d 106 (N.J. 1996) (stating that New Jersey applies

the law of the jurisdiction with the strongest interest in governing the issue raised in the underlying

litigation.)  Synthesizing both the private and public interest factors based on the record, the Court's

decision to transfer rests on the clear fact that Florida is the focal point of this litigation.

**IV.**    **CONCLUSION**

For the reasons stated, Defendant's motion seeking transfer of the action to the United States

District Court for the Southern District of Florida is **granted** and the motion to dismiss pursuant to

Rule 12(b)(2) is **denied**.  An appropriate order accompanies this Opinion.


                                                    S/ Dennis M. Cavanaugh
                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:          August,   14  , 2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File